THE STATE, EX REL.
TELE-COMMUNICATIONS, INC., *v.*
MCCORMACK, COUNTY AUDITOR.

(No. 54887—Decided April 11, 1988.)

*Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A., Anthony J. Garofoli, Roger M. Synenberg* and *Thomas M. Wilson,* for relator.

*John T. Corrigan,* prosecuting attorney, and *Patrick Murphy,* for respondent J. Timothy McCormack, Cuyahoga County Auditor.

JOHN V. CORRIGAN, J. In this original action in mandamus, the relator, Tele-Communications, Inc., seeks to compel the respondent county auditor to issue a certificate and warrant for the payment of relator's fee for installing telecommunications equipment and wiring for the Cuyahoga County Department of Human Services.

After receiving contract bids on telecommunications equipment and wiring from various contractors, the board of county commissioners adopted a resolution awarding the contract to relator on July 6, 1987. Contract documents were forwarded to the respondent's office in compliance with the language of R.C. 5705.41(D). The respondent refused to certify that the funds were available to meet the obligations under the resolution adopted by the board of county commissioners, because of his doubts as to the appropriateness of the awarding of the contract to relator due to an investigation of relator's business activities by a federal agency. Respondent in response to a federal grand jury subpoena has tendered the original contract documents to the federal government.

Pursuant to R.C. 5705.41(D), the board of county commissioners shall not make any contract or give any order unless there is attached thereto a certificate of the county auditor that the amount required to meet the obligation has been lawfully appropriated for such purpose and is in the treasury or in the process of collection to the credit of an appropriate fund free from any previous encumbrances. Further, upon request of any person receiving an order or entering into a contract with any political subdivision (the board of county commissioners), the certificate of the county auditor shall be attached to such order or contract.

Respondent's contention would af-

ford to the county auditor, at the certification step in the process, the discretionary power to review and possibly veto all actions taken by the board of county commissioners in adopting resolutions awarding contracts. However, the statutory language spells out that the county auditor's duty is to certify that funds required to meet the obligations are available. Although acting out of the best of motives, the county auditor is not called upon to pass upon the merits or the appropriateness of the awards made by the board of county commissioners.

Thus, relator's petition in mandamus requiring the respondent to certify whether funds have been encumbered for telecommunications equipment and wiring is granted.

Relator further contends that this court should order the respondent to issue a warrant for the payment of relator's claim against the county.

R.C. 319.16 provides in pertinent part:

"* * * The auditor shall not issue a warrant for the payment of any claim against the county, unless it is allowed by the board of county commissioners, except where the amount due is fixed by law or is allowed by an officer or tribunal so authorized by law. * * *"

Relator's contention that the respondent has a ministerial duty to furnish a warrant at this juncture is fundamentally flawed because the board of county commissioners had not fully entered into a binding contract signed by the commissioners and conforming to the requirements of R.C. 305.25, 319.16, and 5705.41. Therefore, respondent is not compelled to issue a warrant for materials and services before full allowance of the claim by the board of county commissioners. See *State, ex rel. Flanagan,* v. *McConnell* (1876), 28 Ohio St. 589. Accordingly, a writ of mandamus will not lie for the issuance of a warrant for payment. An adequate remedy at law would be available to relator in the event payment was denied on the obligations incurred under a fully executed contract.

After full consideration of the merits and the respective motions for summary judgment, the writ is granted in part and denied in part. Respondent is ordered to comply with R.C. 5705.41(D) and complete the certification process.

*Judgment accordingly.*

PATTON and DYKE, JJ., concur.