OPINION
On October 16, 1995, Patrick J. Marion filed a medical malpractice action in the Franklin County Court of Common Pleas against Richard C. Brandes, M.D., Michael A. McShane, M.D., Deborah A. Venesy, M.D., Thomas H. Lee, M.D., and PruCare HMO ("PruCare"). Mr. Marion averred that he received inadequate medical care from the defendants in the treatment of his torn Achilles tendon. Several months following the filing of the complaint, Mr. Marion voluntarily dismissed the action.
Mr. Marion, represented by new counsel, re-filed a substantially similar complaint on April 11, 1997. Between June and September 1997, Drs. Brandes, Venesy and Lee moved for summary judgment. In September 1997, PruCare moved for judgment on the pleadings. In October 1997, Mr. Marion filed a memorandum contra the motions for summary judgment. Mr. Marion's memorandum was supported by the affidavit of an alleged expert witness, Michael Stanton-Hicks, M.D. On December 15, 1997, the action was stayed due to the insolvency of Dr. McShane's insurance carrier. During the stay, the trial court denied the motions for summary judgment. The stay was lifted on November 24, 1998, and the case was reactivated. Thereafter, the trial court set an amended case schedule order by agreement of all counsel. Of importance to this appeal are the following dates:
Plaintiff's Disclosure of Expert Witnesses January 4, 1999.
 Discovery Cut-Off June 1, 1999
 Trial Date June 28, 1999
In December 1998, the trial court denied PruCare's motion for judgment on the pleadings. In January 1999, PruCare moved for summary judgment. This motion was denied in April 1999.
In the meantime, counsel for Mr. Marion informed all defense counsel on January 4, 1999 that he intended to call Dr. Stanton-Hicks as an expert witness at trial. By letter dated January 5, 1999, counsel for Drs. Brandes and Venesy requested Mr. Marion's counsel provide dates on which Dr. Stanton-Hicks would be available for deposition. Mr. Marion's counsel did not respond. On January 27, 1999, counsel for Drs. Brandes and Venesy again requested deposition dates from Mr. Marion's counsel. By letter dated February 3, 1999, counsel for Dr. McShane also requested that Mr. Marion's counsel provide deposition dates for Dr. Stanton-Hicks.
No deposition dates were provided and on February 12, 1999, Drs. Brandes and Venesy moved the court pursuant to Civ.R. 37(A) for an order directing Mr. Marion's counsel to provide several alternative dates on which Dr. Stanton-Hicks would be available for deposition. Mr. Marion did not oppose the motion. On April 29, 1999, the trial court issued an order directing Mr. Marion to provide three alternative dates for deposing Dr. Stanton-Hicks. The trial court further ordered that the deposition was to be completed on or before May 21, 1999, unless all the defendants stipulated otherwise. In addition, the trial court cautioned Mr. Marion that failure to comply with the order would result in exclusion of the witness.
On May 7, 1999, Mr. Marion filed a "Stipulated Motion for Continuance," requesting that the court continue the trial scheduled for June 28, 1999 on the grounds his expert was out of the country and would be unavailable for deposition until June 12, 1999. The motion was signed by counsel for all defendants "per telephone approval."[1] The trial court scheduled a hearing for May 26, 1999. At such hearing, the trial court denied the motion.[2]
In late May and early June 1999, all defendants filed motions to exclude the trial testimony of Dr. Stanton-Hicks, as he had not been made available for deposition. On June 1, 1999, discovery closed pursuant to the amended case scheduling order. Thereafter, Mr. Marion attempted to identify new expert witnesses. All defendants filed motions in limine to exclude these newly identified witnesses.
On June 4, 1999, the trial court held a pretrial conference with regard to defendants' pending motions. The trial court ruled on such motions by entry dated June 7, 1999. As to the motion to exclude Dr. Stanton-Hicks, the trial court instructed Mr. Marion's counsel to submit an affidavit setting forth his efforts to schedule Dr. Stanton-Hicks for deposition by defense counsel. The trial court further ordered that Mr. Marion's counsel obtain Dr. Stanton-Hicks's affidavit indicating which dates he had been unavailable for deposition. In addition, the trial court stated, "[p]laintiff is also permitted to provide defense counsel with at least two alternative days, between now and the scheduled trial date of June 28, 1999, for the discovery deposition of Dr. Stanton-Hicks." (Emphasis sic.) The trial court further indicated that if the deposition of Dr. Stanton-Hicks was completed, defendants would be given the opportunity to confer with their own expert witnesses and clients to see whether a continuance of the June 28, 1999 trial date was necessary. Thereafter, defense counsel could apply to the trial court for such a continuance. Lastly, the trial court precluded the testimony of Mr. Marion's newly identified witnesses.
On June 8, 1999, Mr. Marion's counsel notified counsel for defendants that Dr. Stanton-Hicks would be available for deposition by telephone on the evening of June 25, 1999, three days before the scheduled trial date. On June 9, 1999, all defendants responded by jointly renewing the motion in limine to exclude Dr. Stanton-Hicks as an expert witness.
In compliance with the court's June 7, 1999 order, Mr. Marion filed the affidavit of Dr. Stanton-Hicks on June 14, 1999. In the affidavit, Dr. Stanton-Hicks stated that he intended to testify as an expert, he was out of the country from May 20, 1999 to June 5, 1999, he was unavailable for deposition after his return to the United States on June 5, 1999 due to previously scheduled appointments, Mr. Marion's counsel had made numerous inquiries regarding possible deposition dates but he was unable to make firm plans due to his schedule, and he was available for deposition only on June 25, 1999 at 6:00 p.m. Mr. Marion also filed the affidavit of his counsel's legal assistant, Stacie L. Hoppel, wherein she stated that in May and June 1999, she attempted to contact Dr. Stanton-Hicks several times at his office regarding possible deposition dates; however, he was unable to make firm plans due to his schedule.
On June 18, 1999, Mr. Marion's counsel filed his own affidavit in compliance with the court's June 7, 1999 order. In his affidavit, counsel stated that he had received defense counsel's request to depose Dr. Stanton-Hicks in January 1999; he had made "several attempts, the exact number of times being unknown," to contact Dr. Stanton-Hicks between January and April 1999; he had been unable to reach Dr. Stanton-Hicks but left several messages with his secretary regarding the scheduling of depositions; he did not oppose defendants' motion to compel Dr. Stanton-Hicks's testimony because he was attempting at the time to schedule the deposition; in mid to late April he spoke to Dr. Stanton-Hicks, who stated he was preparing to leave the country and could not be deposed until June 1999; at the end of April 1999, he requested his legal assistant to continue calling Dr. Stanton-Hicks's office at least twice per week to determine when Dr. Stanton-Hicks was available; he checked with his legal assistant periodically but was informed Dr. Stanton-Hicks could not provide a specific date due to the doctor's schedule; and he was informed by Dr. Stanton-Hicks during the first week of June 1999 that the only time he was available for deposition was June 25, 1999 at 6:00 p.m. and only by telephone.
On June 18, 1999, the trial court held another pretrial conference. The trial court ruled from the bench that Dr. Stanton-Hicks would not be permitted to testify. The trial court further declared that the case would proceed to trial on June 28, 1999. Before the trial court memorialized its bench rulings in a judgment entry, Mr. Marion filed a notice of interlocutory appeal and a motion to stay the proceedings pending resolution of the interlocutory appeal. The defendants opposed Mr. Marion's motion on grounds that no final appealable order existed from which to appeal since no judgment entry had been filed.
The case proceeded to trial on June 28, 1999. Counsel for all defendants were present. Neither Mr. Marion nor his counsel appeared at trial. The trial court orally denied Mr. Marion's June 24, 1999 motion to stay the proceedings and dismissed the case for failure to prosecute.
At 12:50 p.m. on July 2, 1999, the trial court filed a judgment entry dismissing Mr. Marion's action with prejudice pursuant to Civ.R. 41(B)(1). At 4:15 p.m. on July 2, 1999, the trial court filed a judgment entry memorializing its June 18, 1999 oral ruling granting the defendants' motion in limine excluding Dr. Stanton-Hicks as an expert witness.
On July 6, 1999, Mr. Marion filed a motion requesting the trial court enter judgment against him based upon grounds other than that identified in the trial court's July 2, 1999 judgment entry, i.e., his failure to prosecute. Mr. Marion sought dismissal of the action on two alternative grounds, (1) pursuant to Civ.R.37(B)(2)(c) and Civ.R. 41(B)(1) as a sanction for failure to comply with the trial court's June 7, 1999 discovery order, or (2) pursuant to Civ.R. 56, on the grounds Mr. Marion failed to successfully oppose the defendants' motions for summary judgment.
On July 14, 1999, Mr. Marion filed the notice of interlocutory appeal with this court. On July 19, 1999, Mr. Marion filed a notice of appeal from the trial court's July 2, 1999 judgment entry dismissing the case pursuant to Civ.R. 41(B)(1) for failure to prosecute. On July 22, 1999, the trial court sua sponte consolidated Mr. Marion's interlocutory appeal with his appeal from the dismissal for failure to prosecute.
On September 14, 1999, upon defendants' joint motion filed September 13, 1999, the trial court entered a nunc pro tunc
order correcting the record to reflect that the judgment entry excluding Mr. Marion's expert witness was meant to have been filed before the judgment entry dismissing the case. To that end, the trial court ordered the clerk of courts to amend the filing time of the judgment entry excluding Mr. Marion's expert witness to July 2, 1999 at 12:00 p.m. The trial court further noted (in a handwritten notation initialed by the trial judge) that the motion was unopposed and agreed upon by all parties.
On September 15, 1999, Mr. Marion filed a motion requesting the trial court issue a nunc pro tunc order reflecting that the judgment entry excluding his expert witness was meant to have been filed on June 18, 1999 and that the case was dismissed due to his failure to present a prima facie case of medical malpractice, rather than his failure to prosecute. On September 20, 1999, Mr. Marion moved the trial court to vacate its nunc protunc order entered September 14, 1999 and to reconsider the order in accordance with his September 15, 1999 motion for judgment nuncpro tunc. The defendants filed a joint memorandum contra. On September 23, 1999, this court granted the defendants' joint motion to supplement the record with the trial court's September 14, 1999 nunc pro tunc order. On October 8, 1999, Mr. Marion appealed the trial court's September 14, 1999 nunc pro tunc
order. On October 22, 1999, this court granted Mr. Marion's motion to consolidate all appeals in the instant action.
On appeal from the trial court's July 2, 1999 judgment entry (case Nos. 99AP-810 and 99AP-840), Mr. Marion (hereinafter "appellant') sets forth the following assignments of error:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN REFUSING PLAINTIFF'S MOTION FOR CONTINUANCE DUE TO HIS EXPERT'S UNAVAILABILITY FOR DEPOSITION.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN EXCLUDING PLAINTIFF'S SOLE EXPERT WITNESS AND PROHIBITING HIM FROM CALLING ANY OTHER EXPERTS.
 THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN REQUIRING PLAINTIFF TO PROCEED TO TRIAL AND IN DISMISSING THE CASE FOR FAILURE TO PROSECUTE AFTER EXCLUDING PLAINTIFF'S SOLE EXPERT WITNESS.
 FOURTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN DISMISSING THE ACTION FOR FAILURE TO PROSECUTE.
As to his appeal in case No. 99AP-1153, appellant sets forth the following errors for our consideration:[3]
[FIFTH]ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR NUNC PRO TUNC ORDER WITHOUT GIVING PLAINTIFF TIME TO RESPOND AS REQUIRED BY FRANKLIN LOC.R. 21.01.
[SIXTH]ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION BY ENTERING A NUNC PRO TUNC ORDER INDICATING THE COURT'S INTENT TO EXCLUDE PLAINTIFF'S EXPERT WITNESS SHORTLY BEFORE THE ORDER DISMISSING THE CASE FOR WANT OF PROSECUTION RATHER THAN FROM THE TIME THE COURT EXCLUDED PLAINTIFF'S EXPERT TESTIMONY FROM THE BENCH.
We address appellant's second assignment of error first. Appellant contends the trial court erred in excluding Dr. Stanton-Hicks from testifying at trial as a sanction for appellant's failure to comply with the trial court's pretrial discovery orders. In addition, appellant contends the trial court erred in excluding appellant's other experts.
The Ohio Rules of Civil Procedure expressly allow a court to exclude testimony as a sanction for failing to comply with discovery orders. Civ.R. 37(B)(2)(b) states that if any party fails to obey an order to provide or permit discovery, the court may make such orders in regard to the failure as are just, including an order prohibiting the party from introducing designated matters into evidence.
This court is well aware of the standard under which we review the trial court's action herein. A trial court has broad discretion when imposing discovery sanctions, and a reviewing court reviews such rulings only for an abuse of discretion.Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, syllabus. In Billman v. Hirth (1996), 115 Ohio App.3d 615, 619, this court indicated that in determining a sanction for a discovery infraction, the trial court should consider the history of the case, all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply, what efforts, if any, were made to comply, the ability or inability of the faulting party to comply, and such other factors as may be appropriate.
There is no question that appellant should have responded to the January/February 1999 requests of the defendants (hereinafter "appellees") to schedule depositions of Dr. Stanton-Hicks. However, the particular facts in this case, specifically, the trial court's own instructions, lead us to conclude that the trial court abused its discretion in imposing the harsh sanction of excluding appellant's only expert witness.
As indicated above, on June 7, 1999 the trial court addressed appellees' motion to exclude Dr. Stanton-Hicks's as an expert witness. The trial court did not grant such motion. Instead, the trial court instructed appellant to complete certain tasks. Presumably, if appellant complied with such instructions, his expert would not be excluded. Appellant substantially complied with the trial court's instructions. The only instruction appellant arguably did not strictly comply with was the trial court's statement that appellant was "permitted to provide defense counsel with at least two alternative days, between now and the scheduled trial date of June 28, 1999, for the discovery deposition of Dr. Stanton-Hicks." (Emphasis sic.)
Appellant provided only one date for Dr. Stanton-Hicks's deposition — June 25, 1999, three days before the scheduled trial date. However, the purpose of the trial court's "instruction" was to obtain a deposition of Dr. Stanton-Hicks prior to trial. Appellant did so, and the affidavits filed pursuant to the trial court's other instructions sufficiently set forth the previous efforts made to schedule Dr. Stanton-Hicks for depositions and the reasons such efforts failed. While it is true that June 25, 1999 was the last business day prior to trial, the trial court's own instructions permitted such date. Further, the trial court indicated that appellees could thereafter request a continuance.
The trial court could have excluded appellant's expert in its June 7, 1999 judgment entry. Instead, it essentially gave appellant a final chance to comply with certain instructions. Appellant substantially complied with such. However, the trial court nonetheless excluded appellant's only expert on the issue of the standard of care. This being a medical malpractice action, such exclusion effectively precluded appellant from presenting a case. Given appellant's substantial compliance with the trial court's June 7, 1999 entry and the harsh result of exclusion of Dr. Stanton-Hicks, we find the trial court abused its discretion in excluding Dr. Stanton-Hicks.
Accordingly, appellant's second assignment of error is sustained, in part, as to the trial court's erroneous exclusion of Dr. Stanton-Hicks. However, the trial court did not abuse its discretion in excluding the expert witnesses appellant attempted to identify after the discovery cut-off and less than one month prior to the scheduled trial date. To this extent, appellant's second assignment of error is overruled.
Given our disposition of the second assignment of error, the remaining assignments of error are rendered moot. Because the trial court erred in excluding Dr. Stanton-Hicks, everything that occurred after such erroneous ruling, including the start of the trial, the dismissal for failure to prosecute, and all subsequent action in this case must be vacated.
In summary, the second assignment of error (in case Nos. 99AP-810 and 99AP-840) is sustained, in part, as to the trial court's erroneous exclusion of Dr. Stanton-Hicks, and overruled, in part, as to the trial court's exclusion of appellant's newly identified experts. All remaining assignments of error are rendered moot. The judgment of the Franklin County Court of Common Pleas excluding Dr. Stanton-Hicks as an expert witness is reversed. Further, all subsequent rulings and judgments, including the dismissal of the action, are vacated, and this cause is remanded to such court to conduct further appropriate proceedings.
KENNEDY, J., concurs, PETREE, J., dissents.
[1] In an affidavit filed June 29, 1999, Warren M. Enders, counsel for Drs. Brandes and Venesy, attested that he did not "stipulate" to a continuance of the trial scheduled for June 28, 1999 and did not file written opposition to Mr. Marion's motion because he had never received a copy of the motion.
[2] The record does not contain a transcript of the May 26, 1999 hearing. The only evidence of that proceeding exists in the form of Mr. Enders's June 29, 1999 affidavit in which he attested that the trial court denied Mr. Marion's motion based upon the "tortured history" of the case and the fact that the action was originally filed in 1995. Furthermore, no written disposition of cthe motion appears in the record. We must assume, therefore, that the trial court denied the motion, as when a trial court fails to rule upon a pretrial motion, it is presumed the trial court denied the motion. State ex rel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467,469.
[3] To avoid confusion due to appellant's four assignments of error filed in case Nos. 99AP-810 and 99AP-840, the following assignments of error will be referred to as assignments of error five and six, respectively.