OPINION
The appellant, Tina Albright ("appellant"), appeals the judgment of the Allen County Court of Common Pleas denying her motion requesting legal custody of her grandson, Robert Davis. The trial court granted permanent custody of the child to the Allen County Children's Services Board ("ACCSB"). For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history in this matter are as follows. Robert Davis was born to Christina and Terry Daffron on February 21, 1997. The child has several serious medical problems including cerebral palsy, chronic lung disease and hernias. He currently takes numerous medications, has to be fed through a feeding tube, and periodically requires oxygen to aid his breathing. On June 14, 1999, the child was adjudicated a dependent child and temporary custody was granted to the ACCSB.
A case plan was filed in this matter with the objective of reunifying the child with his parents. The case plan required the parents to complete parenting classes, receive training to care for the child's medical needs, and maintain adequate, smoke-free housing for the family. Additionally, the father was to seek treatment for his alcohol and drug problem.
On January 11, 2000, the ACCSB filed a motion requesting permanent custody of the child. ACCSB stated that as the parents had failed to substantially comply with the case plan, it would be in the best interests of the child to be permanently placed in its custody. The appellant, the child's maternal grandmother, filed a motion requesting permanent custody of the child be given to her. A hearing was held in this matter on August 2, 2000 and on August 17, 2000, the trial court denied the appellant's motion and granted permanent custody to the ACCSB.[1]
It is from this judgment that the appellant now appeals, asserting two assignments of error.
Assignment of Error No. 1
 The trial court committed error prejudicial to Appellant Tina Albright by denying her motion for legal custody of the minor child, Robert Davis, and granting permanent custody to the Allen County Children's Services Board upon evidence that does not rise to the level of clear and convincing evidence.
 The appellant has essentially asserted that the trial court's decision to grant permanent custody to ACCSB was not supported by clear and convincing evidence. The appellant claims that the court should have found that a grant of legal custody to her was in the child's best interest. We disagree.
A trial court conducting a hearing on a motion for permanent custody must follow the guidelines set forth in R.C. 2151.414. Pursuant to R.C.2151.414(B), the court may grant such a motion if two determinations are made. The court must determine by clear and convincing evidence, after a child has been found by the court to be neglected, dependent, or abused, that it is in the best interest of the child to grant the movant permanent custody, "and that any of the following apply:
 (a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents;
 (b) The child is abandoned and the parents cannot be located;
 (c) The child is orphaned and there are no relatives of the child who are able to take permanent custody;
 (d) The child has been in the temporary custody of one or more public children services agencies or private placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
R.C. 2151.414(B)(a) through (d).
Accordingly, before a juvenile court can terminate parental rights and award permanent custody of a child which is neither abandoned nor orphaned, as the child in this case, to a proper moving agency, it must find by clear and convincing evidence that: (1) the grant of permanent custody to the agency is in the best interest of the child; and (2) the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. R.C. 2151.414. The appellant has not challenged the trial court's finding that the child could not be placed with either parent within a reasonable time or should not be placed with either parent. Rather, they have asserted that the court's finding that the grant of permanent custody to the agency was in the child's best interest was not supported by clear and convincing evidence.
R.C. 2151.414(D) sets forth factors that a court must consider in order to determine whether granting permanent custody to a public agency would be in the best interest of the child. This statute states in relevant part:
 (D) In determining the best interest of a child at a hearing [on the issue of permanent custody] * * * the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public services agencies or private placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 8, 1999;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to an agency;
 (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and the child.
 R.C. 2151.414(D). The willingness of a relative to care for the child does not alter what a court considers in determining permanent custody. In the Matter of Mastin (Dec. 17, 1997), Lorain App. Nos. 97CA006743 and 97CA006746, unreported.
It is clearly within the trial court's discretion to determine whether to place the child with the appellant, his grandmother, or with the ACCSB. A reviewing court will not reverse the judgment of a trial court absent an abuse of discretion. In re Pieper Children (1993),85 Ohio App.3d 318. To constitute an abuse of discretion, a trial court's action must have been arbitrary, unreasonable, or unconscionable. State ex. rel. The V Cos. v. Marshall (1998),81 Ohio St.3d 467.
The record clearly reflects that the trial court considered the required statutory factors in determining that it was in the best interest of the child for permanent custody to be granted to the ACCSB. The court specifically found that child could not be placed with either parent and should not be due to the substantial evidence demonstrating a lack of commitment toward the child. The parents have failed to regularly support, visit and communicate with the child. Furthermore, the court found that the parents had failed to meet the child's exceptional medical needs.
As to the appellant's request for legal custody, the record clearly supports the trial court's finding that it was not in the best interest of the child to be placed with his grandmother. The record reveals that the appellant had previously had physical custody of the child and the ACCSB had to remove the child due to the deplorable conditions he was living in. The record also reveals that while the appellant had custody, the child missed several medical appointments. Additionally, the child was removed from the appellant's home due to her lack of ability to provide the child with a smoke-free living environment. It is undisputed that the child suffers from chronic lung disease and that any contact with cigarette smoke exacerbates his condition. When she had physical custody of the child, the appellant continued to smoke and to allow others to smoke around the child. Furthermore, the appellant is currently a smoker and has provided no evidence, besides her blanket assertion that she will quit, that she will be able to now provide the child with a smoke free living environment.
In light of this evidence, this Court cannot conclude that the trial court abused its discretion by denying the appellant's motion for legal custody. The trial court had before it sufficient evidence to determine by clear and convincing evidence that the grant of permanent custody to the ACCSB was in the child's best interest. Accordingly, the appellant's first assignment of error is overruled.
Assignment of Error No. 2
 The trial court committed error prejudicial to Appellant Tina Albright by denying her motion for legal custody of the minor child, Robert Davis, and granting permanent custody to the Allen County Children's Services Board upon evidence that is hearsay upon hearsay and violates of the [sic] evidence rules.
 The appellant contends that the trial court erred in basing its decision upon testimony that may include hearsay. For the following reasons, we find the appellant's contention unfounded.
The record in this matter clearly reveals that it is undisputed that the child has been diagnosed with chronic lung disease. The appellant herself, testified that she was aware of the child's conditions and had been warned by several doctors that exposure to smoke would aggravate the child's condition. Any hearsay evidence admitted at the hearing concerning the child's medical condition was purely cumulative and constituted harmless error.
Accordingly, the appellant's second assignment of error is overruled.
Having found no error prejudicial to the appellant's herein, in the particulars assigned and argued, we affirm the decision of the trial court.
WALTERS and BRYANT, J.J., concur.
[1] The parents of the child, Christina and Terry Daffron, have not appealed the judgment of the trial court and are not parties to this action.