OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and the party's brief. Appellant Freda Johnson ("Freda") appeals the decision of the Columbiana Court of Common Pleas, Juvenile Division, denying her motion to appoint a guardian ad litem. We conclude the trial court abused its discretion by arbitrarily denying Freda's motion by basing its decision upon its timeliness. Accordingly, we reverse the decision of the trial court and remand this matter so that evidence regarding the appointment of a guardian ad litem can be taken and considered.
 {¶ 2} On June 1, 2001, Freda R.L. Johnson ("the child") was placed in the physical care of Freda because her mother Sheila Johnson ("Sheila") was hospitalized in a psychiatric facility. On January 15, 2002, Freda filed a complaint for dependency and custody with the juvenile court claiming that neither one of the parents was able to care for the child. At a pre-trial hearing held on February 25, 2002, Sheila consented to the child remaining in Freda's temporary custody. On May 28, 2002, Freda filed a motion requesting the trial court appoint a guardian ad litem for the child. The motion was denied. A merits hearing was conducted on the dependency action on August 5, 2002 after an in camera interview with the child had been conducted. The trial court dismissed the dependency action on August 9, 2002. It is from that decision that Freda appeals.
 {¶ 3} As her sole assignment of error, Freda claims:
 {¶ 4} "The trial court abused its discretion when it denied Freda Johnson's Motion for Appointment of a Guardian Ad Litem."
 {¶ 5} Both R.C. 2151.281(A) and Juv.R. 4(B) mandate that a juvenile court appoint a guardian ad litem in certain circumstances. R.C. 2151.281(A) provides:
 {¶ 6} "(A) The court shall appoint a guardian ad litem to protect the interest of a child in any proceeding concerning an alleged or adjudicated delinquent child or unruly child when either of the following applies: (1) The child has no parent, guardian, or legal custodian, (2) The court finds that there is a conflict of interest between the child and the child's parent, guardian, or legal custodian." Id.
 {¶ 7} Similarly, Juv.R. 4(B) provides: "The court shall appoint a guardian ad litem to protect the interests of a child or incompetent adult in a juvenile court proceeding when: "(1) The child has no parents, guardian, or legal custodian; [or] (2) The interests of the child and the interests of the parent may conflict." Id.
 {¶ 8} "Because these provisions are mandatory, the failure of a court to appoint a guardian ad litem, when such an appointment is required under the rule or the statute, constitutes reversible error. SeeIn re Adoption of Howell (1991), 77 Ohio App.3d 80, 92, 601 N.E.2d 92, 99-100." In re Sappington (1997) 123 Ohio App.3d 448, 452, 704 N.E.2d 339. However, [t]he decision of whether there is a conflict of interest in the role of an attorney and guardian ad litem is within the discretion of the juvenile court. See, e.g., In re Keller (Sept. 30, 1998), Ashtabula App. Nos. 97-A-0071, 97-A-0072, unreported, 1998 Ohio App. LEXIS 4629, at *20-21. Absent an abuse of discretion, a reviewing court will not overturn a juvenile court's ruling. In re Peieper Children (1993),85 Ohio App.3d 318, 330, 619 N.E.2d 1059. An abuse of discretion is arbitrary, unreasonable, or unconscionable. State ex rel. The V Cos. v.Marshall (1998), 81 Ohio St.3d 467, 469, 692 N.E.2d 198." In re Freeland
(Aug. 9, 2000), 9th Dist. Nos. 19981, 19980, 19982, and 19983 at 2.
 {¶ 9} In the present case, the trial court took no evidence regarding the conflict of interest issue.
 {¶ 10} In its judgment entry dated August 9, 2002, the trial court however explained its decision:
 {¶ 11} "The reason for overruling the appointment of a Guardian Ad Litem is that request for a Guardian Ad Litem was not made in a timely manner after the Court had previously inquired as to whether a Guardian Ad Litem is necessary in this case. The Court further finds that upon the late filing of the request for Guardian Ad Litem, there was not any good cause shown for the necessity of said appointment."
 {¶ 12} We conclude the trial court abused its discretion by failing to hear evidence on this issue before dismissing it as being untimely. Although the trial court states that he couldn't find any compelling reason to grant the request, the trial court had no evidence upon which to base this decision. Moreover, we conclude it was error for the trial court to place the burden of showing good cause on Freda when that requirement cannot be found in either statute. We find the trial court's decision was an abuse of discretion based upon the record before us.
 {¶ 13} Accordingly, the decision of the trial court is reversed and this matter is remanded to the trial court so that evidence regarding the appointment of a guardian ad litem can be taken and considered.
Donofrio and Vukovich, JJ., concur.