OPINION
{¶ 1} Appellant, Irvin F. Kramer, appeals from the May 10, 2006 judgment entry of the Portage County Court of Common Pleas, denying his untimely petition for postconviction relief.
 {¶ 2} On September 5, 1985, appellant was arrested on four counts of rape and one count of gross sexual imposition. The Portage County Grand Jury returned an indictment charging him with four counts of rape, aggravated felonies of the first degree, in violation of R.C.2907.02(A)(1) and (B); one count of attempted felonious assault, an aggravated felony of the third degree, in violation of R.C. 2923.02(A) and (E); and one count of gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05(A)(3) and (B). Appellant was arraigned and entered pleas of not guilty and not guilty by reason of insanity. The trial court granted his motion for a competency and insanity evaluation.
 {¶ 3} On April 18, 1986, the trial court held a hearing and found appellant competent to stand trial. At the hearing, appellant filed a motion to dismiss all charges for violations of R.C. 2945.71 and R.C.2945.72.
 {¶ 4} No ruling was made on appellant's motion, thus, he filed a complaint for a writ of habeas corpus in this court. This court denied his request and found habeas corpus was not a proper remedy since he had an adequate remedy by way of direct appeal. On August 11, 1986, the trial court overruled the motion to dismiss.
 {¶ 5} Appellant withdrew his plea of not guilty by reason of insanity. A jury trial was held on October 21, 1986. Appellant was found guilty of two counts of rape and one count of gross sexual imposition.
 {¶ 6} Pursuant to its December 17, 1986 judgment entry, the trial court sentenced appellant to five years for one count of rape, and ten years for the other rape charge, to be served consecutively. Appellant was also sentenced to two years for the gross sexual imposition count, to be served concurrently with the two rape counts.
 {¶ 7} It was from the foregoing judgment that appellant filed a timely notice of appeal with this court asserting four assignments of error. He challenged his conviction on speedy trial grounds; the trial court's delay in ruling on his motion to discharge; manifest weight of the evidence; and the trial court's decision denying his motion for a mistrial. This court affirmed the judgment of the trial court. State v.Kramer (Aug. 12, 1988), 11th Dist. No. 1779, 1988 Ohio App. LEXIS 3323.
 {¶ 8} On November 3, 2004, appellant filed an application for DNA testing. Appellee, the state of Ohio, filed a response in opposition to appellant's application on December 6, 2004. On March 23, 2005, appellant filed a "Criminal Rule 47 Motion For Status And Condition To Proceed With Application For DNA Testing." The trial court did not rule on appellant's application. Thus, it is considered overruled. State exrel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467, 469.
 {¶ 9} On September 28, 2005, appellant filed a document titled, "Wrongfully Imprisoned [Section] 2743.48 Parole Status Review." The trial court construed the filing as a motion, and overruled the "motion" for parole status review without a hearing on October 3, 2005.
 {¶ 10} On October 19, 2005, appellant filed a document titled, "Writ of Mandamus Invoking Privileges and Rights Pursuant to Wrongfully Imprisonment [Section] 2743.48." The trial court construed the filing as a petition for postconviction relief. In his petition, appellant raised three separate claims, including ineffective assistance of counsel, aBrady violation, and actual innocence. Appellant did not provide any evidential material in support of his petition for postconviction relief. Appellee filed a response to appellant's petition on March 20, 2006. Appellant filed a reply on April 3, 2006.
 {¶ 11} Pursuant to its May 10, 2006 judgment entry, the trial court denied appellant's untimely petition for postconviction relief without a hearing. It is from that judgment that appellant filed the instant appeal, asserting the following assignments of error:
 {¶ 12} "[1.] Ineffective assistance of [t]rial [c]ounsel in failure to bring forth witnesses Tim Moore, Cris Detrict, and [C]urtis Anderson for the [s]tate's exculpatory evidence and actual innocence claim.
 {¶ 13} "[2.] Denial of [appellant's due process rights to a fair trial because the [prosecuting [attorney had in its possession evidence that, if known to defense, would have prevented the conviction by Tim Moore's testimony.
 {¶ 14} "[3.] The [p]rosecutor withheld possible DNA, not used at trial as [d]octor's [r]eports of May 10th and May 22nd, 1985.
 {¶ 15} "[4.] Failing to request the removal of a [j]uror as the [p]rosecutor knew of the relationship between #9 Harry Sadler and Lala Wersler [appellant's] [m]other-[i]n-[l]aw.
 {¶ 16} "[5.] State's failure to investigate Tim Moore as the perpetrator to provide exculpatory evidence and actual innocence claim exonerating [appellant] as [w]rongfully [i]mprisonment [Section] 2743.48."
 {¶ 17} Appellant's five assignments of error are interrelated, as they presume that his petition for postconviction relief was timely filed. For the following reasons, we agree with the trial court that appellant's petition was untimely, and thus, properly denied without a hearing.
 {¶ 18} R.C. 2953.21(A)(1)(a), effective September 21, 1995, states in part: "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."
 {¶ 19} R.C. 2953.21(A)(2) states in part: "* * * a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. * * *."
 {¶ 20} Section 3 of Senate Bill 4, amending R.C. 2953.21, provides: "[a] person who seeks postconviction relief pursuant to sections 2953.21
through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later."
 {¶ 21} In the case at bar, appellant was sentenced on December 17, 1986, prior to the effective date of the amended R.C. 2953.21(A)(2). Appellant had until September 23, 1996 to file a timely petition for postconviction relief.[1] However, he did not file his petition until October 19, 2005. Accordingly, appellant did not timely file his petition for postconviction relief.
 {¶ 22} A trial court may consider an untimely petition only under certain, narrow circumstances. R.C. 2953.23 states in part:
 {¶ 23} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A) (1 ) or (2) of this section applies:
 {¶ 24} "(1 ) Both of the following apply:
 {¶ 25} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 26} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
 {¶ 27} "(2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed * * * and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case * * * and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense * * *."
 {¶ 28} Here, appellant failed to meet the requirements of R.C.2953.23(A)(1) or (2). Again, he attached no evidential material in support of his petition for postconviction relief. Thus, he did not present clear and convincing evidence that but for the alleged errors, he would not have been found guilty of the offenses.
 {¶ 29} With respect to his first assignment of error, dealing with the ineffective assistance of trial counsel, appellant fails to present any credible explanation of how the alleged failure to subpoena witnesses for the defense prejudiced him. In his second and fourth assignments of error, appellant cites to the trial transcript which evidences that those assignments should have been raised in his direct appeal. SeeState v. Steffen (1994), 70 Ohio St.3d 399, 410, (holding that "[p]ostconviction review is a narrow remedy, since res judicata bars any claim that was or could have been raised at trial or on direct appeal.") Appellant's third assignment of error deals with the prosecutor not using May 10 and 22, 1985 doctor's reports. His fifth assignment of error alleges that appellee failed to investigate Tim Moore as the perpetrator. Neither his third nor fifth assignments contain operative facts establishing a substantive ground for relief. Also, none of appellant's five assignments present any reason why he was "unavoidably prevented" from raising the foregoing issues for approximately twenty years.
 {¶ 30} Because appellant's petition for postconviction relief was untimely and failed to set forth the requisite facts, the trial court did not err in dismissing it.
 {¶ 31} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Portage County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, J., concurs,
DIANE V. GRENDELL, J., concurs in judgment only.
[1] The deadline for filing is September 23, 1996, rather than September 21, 1996, because September 21, 1996 was a Saturday. September 23, 1996 was the following Monday. See State v. Cooper (Mar. 26, 1999), 11th Dist. No. 97-L-286, 1999 Ohio App. LEXIS 1218, fn. 1.