I write separately because I believe the majority has created a new principle of law which is both incorrect and unnecessary to the disposition of this appeal. The majority holds that when a trial court fails to take one of the actions described in Juv.R. 40(E)(4)(b) and, presumably, Civ.R. 53(E)(4)(b) by virtue of its identical language, then it is presumed the court has rejected the magistrate's decision. I would find no need to make that presumption as the caselaw upon which the majority relies is distinguishable. Accordingly, I would find the failure to adopt a magistrate's decision is precisely that, a failure to adopt, and the trial court abused its discretion by not making the requisite findings in the record.
When a juvenile court is asked to review a magistrate's decision, it must rule on any objections to that decision. Juv.R. 40(E)(4)(b). Once it has done this, a trial court "may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter itself." Id. In this case, the trial court did not take any of these actions. After it overruled the objections to the magistrate's decision, it entered an incomplete judgment, not an ultra vires[1] judgment.
In its opinion, the majority cites State ex rel. The V. Cos. v.Marshall, 81 Ohio St.3d 467, 469, 1998-Ohio-0329, 692 N.E.2d 198, for the proposition that "[g]enerally, when a court is requested to approve a motion, but proceeds to judgment without ruling on the request, the presumption is that the court has overruled or rejected the request." It then extends that principle to a trial court's ruling on objections to a magistrate's opinion and hold that, absent an action described in Juv.R. 40(E)(4)(b), this court must presume the trial court rejected the magistrate's decision. However, The V. Cos. does not itself lead to the conclusion the majority draws and is distinguishable from the case at hand.
In The V. Cos., the appellees filed a complaint for a writ of mandamus with this court of appeals. A few days after being served with a copy of the complaint, the appellant filed a notice to take an oral deposition of the president and CEO of the appellees. The appellees notified the appellant the president would not appear for the deposition and the appellant subsequently filed a motion to compel discovery in accordance with the notice of oral deposition. Without ruling on the motion, this court issued the sought writ of mandamus. The matter was appealed to the Ohio Supreme Court.
On appeal, the appellant argued this court erred by failing to make any rulings on discovery issues. The Ohio Supreme Court found no error.
"[W]hen a trial court fails to rule on a pretrial motion, it may ordinarily be presumed that the court overruled it. * * * From the court of appeals' judgment, it may be presumed that the court overruled [the appellant]'s motion to compel [the president]'s deposition." (Citations omitted) Id. at 469.
The reasons for this rule are fairly obvious. When a party files a pretrial motion with the trial court, the trial court has two options, it may either grant or deny the motion. When a trial court fails to rule on a pretrial motion, the trial court's actions indicate how it would have ruled on the motion had it affirmatively stated on the record what its decision would have been. In other words, the trial court's affirmative choice to allow the matter to proceed to trial and judgment demonstrates it decided to deny the pretrial motion. Accordingly, it is proper for an appellate court to presume the trial court denied that motion.
This reasoning does not necessarily apply to the trial court's actions when it is asked to rule on objections to a magistrate's opinion. For example, in this case the trial court expressly overruled Appellant's objections to the magistrate's decision. This does not indicate the trial court planned on rejecting the magistrate's decision. Indeed, it indicates the trial court would have adopted the magistrate's decision had it expressly made its choice on the record. Accordingly, it makes no sense to apply the reasoning behind The V. Cos. and presume the trial court rejected the magistrate's decision.
Although I would conclude we cannot presume the trial court has rejected a magistrate's decision when it fails to take any of the actions described in Juv.R. 40(E)(4)(b), this does not mean I would presume the trial court has adopted the magistrate's decision. In a case such as this one, the trial court is required to make certain findings. As the trial court is the ultimate judicial officer, it must independently review the magistrate's findings of fact. Hartt v. Munobe, 67 Ohio St.3d 3, 1993-Ohio-0177, 615 N.E.2d 617. Without some indication on the record, such as a statement that it is adopting the magistrate's decision, that it has engaged in that review, the trial court is abrogating that judicial function. Accordingly, I would not presume the trial court has taken any particular action in relation to the magistrate's decision.
Because the applicable statutes require that the trial court make certain findings when it is determining whether to place a minor child in the permanent custody of an agency, a trial court abuses its discretion when it fails to make those findings. I agree with the majority that the incompleteness of the trial court's judgment demands that we remand this case to the trial court so it can "meticulously follow the procedural details set forth in the juvenile rules and statutes." Accordingly, I concur in the majority's judgment, but dissent from its reasoning.
[1] Black's Law Dictionary (7 Ed. 1999) pg. 1525, defines ultra vires as "Unauthorized; beyond the scope of power allowed or granted by a corporate charter or by law, the officer was liable for the firm's ultra vires actions."