OPINION *Page 2 
{¶ 1} These are two appeals consolidated for purposes of this opinion from two judgments of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio. In each, the court terminated the parental rights of appellant Joyce Holt in her two minor children, and granted permanent custody of both girls to appellee the Tuscarawas County Job and Family Services. In each appeal, appellant assigns four errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO ISSUE FINDINGS OF FACT REQUESTED BY APPELLANT BY WRITTEN MOTION ON APRIL 21, 2008, PURSUANT TO OHIO REVISED CODE 2151.419(B)(1) SUPPORTING THE COURT'S DETERMINATION THAT REASONABLE EFFORTS WERE MADE FOR THE MINOR CHILD TO RETURN HOME AT THE HEARING HELD ON APRIL11, 2008.
 {¶ 3} "II. THE TRIAL COURT ERRED WHEN IT QUASHED THE SUBPOENA ISSUED BY THE APPELLANT IN ITS JUDGMENT ENTRY DATED JUNE 30, 2008.
 {¶ 4} "III. THE TRIAL COURT ERRED WHEN IT FOUND THAT REASONABLE EFFORTS NEED NOT BE EXPENDED TO REUNIFY THE APPELLANT WITH HER MINOR CHILD PURSUANT TO OHIO REVISED CODE 2151.419 IN ITS JUDGMENT ENTRY DATED JUNE 3, 2008.
 {¶ 5} "IV. THERE WAS NOT CLEAR AND CONVINCING EVIDENCE FOR THE TRIAL COURT TO FIND THAT THE MINOR CHILD SHOULD NOT BE PLACED WITH THE APPELLANT THAT IT WAS IN THE MINOR CHILD'S BEST INTEREST TO BE PLACED IN THE PERMANENT CUSTODY OF TUSCARAWAS COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES." *Page 3 
 {¶ 6} The trial court made extensive findings of fact. The court found appellant had entered into a safety plan with appellee because of numerous problems in the home and with appellant's husband, the children's step-father. The court found appellant moved from place to place and violated at least three safety plans. Eventually, appellant returned to her husband's home.
 {¶ 7} In March, 2008, the trial court placed both girls in the temporary custody of appellee as the disposition in a delinquency case. While in appellee's custody, the agency became aware of even more problems in the home. Both appellant and her husband have long histories with appellee. The record contains a certified judgment entry from the Harrison County Court of Common Pleas, Juvenile Division, which terminated appellant's parental rights with regard to two other children, and placed them in the permanent custody of the Harrison County Department of Human Services.
 {¶ 8} The trial court found the two girls cannot and should not be placed with either parent within a reasonable time, and it is in the best interest of both to be placed in the permanent custody of appellee.
 I III {¶ 9} In her first assignments of error, appellant argues the trial court committed prejudicial error in refusing to make findings of fact in support of its April 11, 2008 determination that appellee made reasonable efforts to prevent the children from being removed from the home, and to re-unite the family. Appellant urges the trial court did not receive any evidence at the April 11th hearing regarding any reasonable efforts appellee may have made. *Page 4 
 {¶ 10} In her third assignments of error, appellant takes issue with the trial court's finding appellee was not required to make reasonable efforts.
 {¶ 11} In its final judgment entry of September 4, 2008, the court found there was an error in its entry of April 11, 2008. The court found "instead of indicating that reasonable efforts had been expended, the entry should have indicated that due to emergency circumstances, the best interest of the girls required their immediate removal without the chance to expend reasonable efforts to prevent their removal." Judgment Entry, Pg. 2.
 {¶ 12} The trial court cited R.C. 2151.419, which provides that reasonable efforts are not necessary if the parent from whom the child was removed has had his or her parental rights involuntarily terminated with respect to a sibling of the child. Under those circumstances, the court shall make a determination the agency is not required to make reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from its home, or return the child to the home. R.C. 2151.419 (A)(2)(e).
 {¶ 13} Because the statute uses the word "shall", the trial court was required to make the determination reasonable efforts were unnecessary. The court had before it a certified copy of the Harrison County judgment entry, and at the hearing, appellant admitted she had had two children taken from her permanently.
 {¶ 14} The first and third assignments of error in each appeal are overruled.
 II. {¶ 15} In her second assignment of error, appellant argues the court erred in quashing the subpoenas filed by appellant on June 26, 2008, and served on appellee as *Page 5 
the temporary custodian of the children. The subpoenas ordered the minor children to appear at the hearing scheduled on July 1, 2008.
 {¶ 16} In response, appellee filed its motion to quash pursuant to Civ. R. 17 (D)(3)(a)(d). Subsection (a) provides a subpoena may be quashed if it fails to allow reasonable time to comply, and pursuant to (d), a subpoena may be quashed if it subjects a person to undue burden.
 {¶ 17} Appellant argues the subpoena was filed and delivered five days before the hearing, which is ample time to comply. Appellee asserts the subpoena was filed on a Friday afternoon, directing the children to attend a hearing the following Tuesday, which was not sufficient time to prepare the children and transport them to the hearing.
 {¶ 18} The trial court did not conduct a hearing on the matter, and appellant did not have the opportunity to respond in writing to the motion to quash. At the hearing on July 1, 2008, the trial court heard arguments that the children's presence and testimony was necessary because there were allegations of the step-father's wrongdoing, and some implication that appellant knew of this.
 {¶ 19} Appellant testified at the hearing that she was aware of allegations concerning her husband and another step-daughter, and admitted it should have been a consideration. Appellee presented evidence the safety plans appellant entered into addressed the allegations of wrongdoing against these children.
 {¶ 20} Our standard of reviewing a court's decision to quash a subpoena is the abuse of discretion standard. State ex rel. The VCompanies v. Marshall, 81 Ohio St. 3d 467, 1998-Ohio-329,692 N.E. 2d 198. The Supreme Court has repeatedly held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary or *Page 6 
unconscionable, Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217 at 219. When applying the abuse of discretion standard, this court may not substitute our judgment for that of the trial court, Pons v. Ohio StateMed. Board, (1993), 66 Ohio St.3d 619, 621.
 {¶ 21} Our review of the record indicates the trial court did not abuse its discretion in quashing the subpoenas issued for the two minor children.
 {¶ 22} The second assignment of error in each appeal is overruled.
 IV. {¶ 23} In her fourth assignments of error, appellant argues there was insufficient evidence for the trial court to find by clear and convincing evidence the children should not be placed with appellant, and it was in the children's best interest to be placed in the permanent custody of appellee. Appellant argues appellee never had any desire to work with her to attempt to reunify her with her children, and she lost custody of the two girls based upon an unproven allegation of wrongdoing on the part of her husband.
 {¶ 24} R.C. 2151.414 (E) sets out the factors a court should consider in determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Those factors are:
 {¶ 25} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and *Page 7 
rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 26} "(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code;
 {¶ 27} "(3) The parent committed any abuse as described in section 2151.031 of the Revised Code against the child, caused the child to suffer any neglect as described in section 2151.03 of the Revised Code, or allowed the child to suffer any neglect as described in section 2151.03 of the Revised Code between the date that the original complaint alleging abuse or neglect was filed and the date of the filing of the motion for permanent custody;
 {¶ 28} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 {¶ 29} * * *
 {¶ 30} "(11) The parent has had parental rights involuntarily terminated pursuant to this section or section 2151.353 or 2151.415 of the Revised Code with respect to a sibling of the child. *Page 8 
 {¶ 31} * * *
 {¶ 32} "(15) The parent has committed abuse as described in section 2151.031 of the Revised Code against the child or caused or allowed the child to suffer neglect as described in section 2151.03 of the Revised Code, and the court determines that the seriousness, nature, or likelihood of recurrence of the abuse or neglect makes the child's placement with the child's parent a threat to the child's safety.
 {¶ 33} "(16) Any other factor the court considers relevant."
 {¶ 34} The trial court found appellant had a history of abusing prescription pain medication, and repeatedly chose an abuser over her children. The court found despite an enormous amount of services provided to appellant, she had not benefited from them in any way, nor had her parenting improved. The court found appellant demonstrated no desire or ability to change.
 {¶ 35} The record supports the court's findings, and provides sufficient support for the court's determination the children could not be returned to appellant within a reasonable time.
 {¶ 36} R.C. 2151.414 (D) sets out the factors a court should consider in determining the best interest of the child:
 {¶ 37} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 38} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; *Page 9 
 {¶ 39} "(3)The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 40} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 41} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 42} The court found the children were miserable while living in the home with their step-father, and appellant was unwilling and/or unable to provide a secure home for the children. R.C. 2151.414(E)(11) is present here.
 {¶ 43} We find the trial court had before it sufficient competent and credible evidence upon which it could conclude by clear and convincing evidence, that these children could not be placed with appellant within a reasonable time and it was in the best interest of the children to be placed into the permanent custody of appellee.
 {¶ 44} The fourth assignment of error in each appeal is overruled. *Page 10 
 {¶ 45} For the foregoing reasons, the judgment of Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, is affirmed.
 Gwin, J., Farmer, P.J., and Hoffman, J., concur *Page 11 
 JUDGEMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, is affirmed. Costs to appellant. *Page 1