[Cite as *State v. Fuchs*, 2019-Ohio-4294.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27873 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-1212 |
| | : | |
| WESTON R. FUCHS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of October, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
       Attorney for Plaintiff-Appellee

GARY C. SCHAENGOLD, Atty. Reg. No. 0007144, 4 East Schantz Avenue, Dayton, Ohio 45409
       Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Defendant-appellant, Weston R. Fuchs, appeals from his conviction for one count of violating a protection order, a fifth degree felony pursuant to R.C. 2919.27(A)(2) and (B)(3). Raising two assignments of error, Fuchs argues that his conviction should be reversed because his trial counsel provided ineffective assistance by failing to object to the jury's receipt of unfairly prejudicial evidence of his previous conviction for violating the same protection order, and because the trial court allowed the jury to receive that evidence without delivering a limiting instruction.

**{¶ 2}** We find that Fuchs has demonstrated a reasonable probability that the outcome of his trial would have been different had the jury not been provided with the evidence in question. Therefore, the trial court's judgment is reversed, and this case is remanded to the trial court for further proceedings.

## I. Facts and Procedural History

**{¶ 3}** Prior to April 2016, Fuchs and Shana Belcher were romantically involved "for a short amount of time" while Belcher was separated from her husband, Gary. Transcript of Proceedings 139:11-140:11, Dec. 6, 2017. After the Belchers reconciled, Fuchs apparently began harassing them, prompting Gary Belcher to file a petition for a civil stalking protection order. In Case No. 2016 CV 02002, the Montgomery County Court of Common Pleas granted the petition and issued a final protection order pursuant to R.C. 2903.214 on May 5, 2016. The order, which was to remain in effect until April 25, 2018, forbade Fuchs from having any contact with the Belchers and their children.

**{¶ 4}** Fuchs seems to have violated the order almost immediately; a criminal complaint filed on June 14, 2016, in the Municipal Court of Montgomery County charged

him accordingly with a first degree misdemeanor pursuant to R.C. 2919.27(A)(2) and (B)(2).[1] On September 20, 2016, Fuchs pleaded guilty as charged in Case No. 2016 CRB 00843 E. The court sentenced him to serve 180 days in jail, with credit for 10 days he had already served, and ordered that he pay a fine and court costs in the total amount of $106, though the court suspended the fine and the remainder of the jail term.

{¶ 5} Fuchs allegedly violated the protection order a second time on April 9, 2017, when he purportedly drove through the Belchers' neighborhood in a white, 1998 Dodge Ram pickup truck. On May 22, 2017, a Montgomery County grand jury indicted him in the instant case for one count of violating a protection order, charged as a fifth degree felony pursuant to R.C. 2919.27(A)(2) and (B)(3) as the result of his previous conviction. At his arraignment on June 6, 2017, Fuchs pleaded not guilty.

{¶ 6} Over the course of three days, November 27, 2017, and December 6-7, 2017, the case was tried to a jury. The State offered the testimony of three witnesses— one of the Belchers' neighbors, Shana Belcher, and an officer with the Huber Heights Police Division—and presented a total of 10 exhibits. Although the parties stipulated that Fuchs had been convicted previously for violating the protection order, the State introduced three of its exhibits to prove as much. *See* Transcript of Proceedings 143:15- 145:5, 179:6-179:15, 199:21-200:7 and Joint Exhibit 1. State's Exhibit 4 included two documents from the docket of Case No. 2016 CV 02002—a copy of the protection order itself, and a magistrate's decision that presented an account of the circumstances leading to the issuance of the order. *Id.* at 143:15-145:5. State's Exhibit 5 was a certificate of

---

[1] Throughout this opinion, we refer to that version of R.C. 2919.27 which was in effect from June 17, 2010, until September 26, 2017.

service showing that Fuchs was served with a copy of the order, and State's Exhibit 6 was a copy of the judgment entry from Case No. 2016 CRB 00843 E.  *Id.* at 178:25-179:15.

{¶ 7} Fuchs's counsel did not object to State's Exhibits 4-6 or request any redactions.  In his defense, Fuchs offered the testimony of an alibi witness and that of his mother, who testified that the pickup truck allegedly seen by the Belchers could not have been his vehicle.

{¶ 8} On December 7, 2017, the jury returned a verdict of guilty.  The trial court filed a judgment entry of conviction on January 9, 2018, and Fuchs timely appealed to this court on January 24, 2018.

{¶ 9} Fuchs's original appellate counsel withdrew after suffering significant illness.  Following a series of delays, Fuchs's substitute counsel filed an *Anders* brief on September 10, 2018, but in our per curiam opinion of February 19, 2019, we determined that the case presented at least two non-frivolous issues for review.  The State and Fuchs's second substitute counsel have since briefed the issues on their merits, and having heard the parties' oral arguments, we may now render our opinion.

## II. Analysis

{¶ 10} For his first assignment of error, Fuchs contends that:

APPELLANT'S CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION WAS VIOLATED WHEN HIS TRIAL COUNSEL ENTERED INTO A STIPULATION OF THE UNDERLYING PROTECTION ORDER WITHOUT

REQUESTING DETACHMENT OF AN APPENDED MAGISTRATE'S DECISION OR TO REQUEST A LIMITING INSTRUCTION TO THE JURY REGARDING THE PROTECTION ORDER'S ATTACHED FACTUAL FINDINGS.

{¶ 11} Fuchs argues that by stipulating to the admission of evidence associated with his previous conviction, which otherwise would have been inadmissible under Evid.R. 404(B), his trial counsel failed to provide effective representation. *See* Appellant's Brief 5. Emphasizing that he presented the testimony of an alibi witness to the jury, Fuchs maintains that the evidence associated with his previous conviction likely caused unfair prejudice against him in the minds of the jurors, in the absence of which "there [would have been] a reasonable probability of a different outcome." *Id.* at 3 and 5.

{¶ 12} To prevail on a claim of "ineffective assistance of counsel, a defendant must satisfy the two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *State v. Cardenas*, 2016-Ohio-5537, 61 N.E.3d 20, ¶ 38 (2d Dist.). The *Strickland* test requires a showing that: "(1) defense counsel's performance was so deficient that [it did not fulfill the right to assistance of counsel] guaranteed under the Sixth Amendment to the United States Constitution; and (2) * * * defense counsel's errors prejudiced the defendant." *Id.*, citing *Strickland* at 687. Judicial "scrutiny of counsel's performance must be highly deferential," so "a [reviewing] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Strickland* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955). To show prejudice, the defendant bears the burden to demonstrate "a reasonable probability that, but for counsel's

unprofessional errors, the result of [a given] proceeding would have been different." *Id.* at 694; *State v. Southern*, 2d Dist. Montgomery No. 27932, 2018-Ohio-4886, ¶ 47. A failure to make either showing defeats the claim. *Cardenas* at ¶ 38.

{¶ 13} As we noted in our review of the *Anders* brief filed by Fuchs's first substitute counsel, the outcome of Fuchs's trial turned on what the jury believed had, or had not, occurred on April 9, 2017, because Fuchs stipulated that he was subject to the protection order issued in Case No. 2016 CV 02002; that he was served with a copy of the order at the time it was issued; that the order was in effect on April 9, 2017; and that he had previously been convicted of violating the order. In addition, Fuchs stipulated that State's Exhibits 4-6 were "authentic," even though these exhibits were introduced by the State to prove facts already acknowledged by Fuchs to be true. *See* Transcript of Proceedings, Joint Exhibit 1.

{¶ 14} State's Exhibit 4 consisted of a copy of the protection order and an underlying magistrate's decision. In her decision of late April or early May 2016, the magistrate found that Fuchs had threatened to "cut" Gary Belcher during a threatening telephone call; that "[t]elecommunications harassment charges [were] pending" against Fuchs as a result of an earlier incident of telephone harassment; that Fuchs had threatened to kill Belcher and was arrested while driving in Belcher's neighborhood with a gun in his vehicle, "a case [that] likewise [was] pending"; and that Fuchs and Belcher had "got[ten] into a fistfight" in January 2016. The order itself stated Fuchs had "knowingly engaged in a pattern of conduct that caused [Belcher] to believe that [Fuchs] [would] cause physical harm * * *."

{¶ 15} During the trial, the State called three witnesses, and Fuchs called two.

The State called one of the Belchers' neighbors; Shana Belcher; and an officer with the Huber Heights Police Division. Of these witnesses, only Belcher testified to seeing Fuchs on April 9, 2017, driving his pickup truck in her neighborhood. The Belchers' neighbor testified to seeing a truck matching some of the characteristics of the white, 1998 Dodge Ram pickup truck associated with Fuchs, thereby corroborating a portion of Belcher's account. Yet, the neighbor denied that he had been able to see the driver, and when he was shown photographs of Fuchs's truck, he could not confirm that the truck he saw was the same vehicle, though he noted that the truck he had seen was very similar to the vehicle in the photographs. The officer did not witness any of the events in question.

{¶ 16} Of Fuchs's witnesses, the first indicated that he hardly knew Fuchs, being acquainted only through a mutual friend, and he testified that Fuchs and their mutual friend had been kayaking with him at or near the time Fuchs allegedly drove through the Belchers' neighborhood. Fuchs's second witness was his mother, who testified that Fuchs's truck was inoperable on April 9, 2017.

{¶ 17} In this context, we find a reasonable probability that the outcome of Fuchs's trial would have been different had State's Exhibit 4 not been admitted into evidence. The protection order itself stated that Fuchs had been engaged in a "pattern of [threatening] conduct," and the magistrate's findings of fact presented the jury with potentially inflammatory descriptions of Fuchs's past behavior. Irrespective of the exhibit's relevance, "evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice," and it "may be excluded if its probative value is substantially outweighed" by its redundancy. See Evid.R. 403(A)-(B). Here,

the magistrate's findings of fact posed a significant risk of causing Fuchs unfair prejudice, but even otherwise, the admission of the exhibit was needlessly cumulative because Fuchs had stipulated to the validity of the protection order and to his previous conviction.[2]

**{¶ 18}** The State argues that Fuchs's trial counsel was not ineffective for failing to object to the exhibit's admission without redaction because the exhibit "would [have been] admissible [anyway] under Evid.R. 404(B)." Appellee's Brief 4. Under Evid.R. 404(B), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but "[i]t may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The State claims that the exhibit "was admissible to show that Fuchs had knowledge of where the [Belchers] lived" and that Fuchs did not drive past the Belchers' residence "by accident or mistake," and by extension, to show that Fuchs "act[ed] recklessly" as part of "a scheme, plan, or system" of harassment. Appellee's Brief 5.

**{¶ 19}** Regardless of whether State's Exhibit 4 could have been offered under Evid.R. 404(B), none of the State's retrospective justifications would have warranted its admission. Neither the protection order nor the magistrate's decision refers to the Belchers' address, and neither indicates where any previous harassment occurred. The exhibit, then, provided exactly no evidence that Fuchs knew how to find the Belchers, whereas the fact of Fuchs's previous conviction, coupled with Shana Belcher's testimony

---

[2] The same may be said of State's Exhibits 5, which merely documented that Fuchs had been served with a copy of the protection order, and State's Exhibit 6, which was the judgment entry reflecting Fuchs's previous conviction in Case No. 2016 CRB 00843 E.

at trial, would have been sufficient to establish that Fuchs knew where the Belchers were living. This knowledge, in turn, would have been sufficient to demonstrate that if, as alleged, Fuchs drove through the Belchers' neighborhood on April 9, 2017, he "disregard[ed] a substantial and unjustifiable risk" that his conduct would "be of a certain nature"—in other words, conduct violating the protection order. *See* R.C. 2901.22(C) (defining "reckless[ness]"); *see also State v. Sims*, 2d Dist. Clark Nos. 2016-CA-46 & 2016-CA-27, 2018-Ohio-769, ¶ 46-48. Moreover, the State had no need to prove that Fuchs's alleged violation of the order was part of a scheme, plan or system. *See* R.C. 2919.27(A)-(B).

{¶ 20} The State also argues that Fuchs's trial counsel might have consciously chosen to withhold an objection to State's Exhibit 4 as a matter of strategy, inasmuch as the magistrate's decision included a footnote casting doubt on Shana Belcher's truthfulness as a witness. Appellee's Brief 7-8. Although this argument is plausible, Fuchs's counsel made no reference to that portion of the magistrate's decision in his opening or closing statement, and he made no attempt to impeach Belcher's testimony on the basis of the footnote during cross-examination.

{¶ 21} Additionally, the State argues that "even if * * * the admission of [State's Exhibit 4] was erroneous, any [such] error was invited [error]." Appellee's Brief 8. The State suggests that by "stipulating to the admission of the evidence without redaction or * * * a limiting instruction, Fuchs invited the error [of] which he now complains." *Id.* Yet, the doctrine of invited error applies to "an error that [a party itself] induce[s] [a] trial court to make," rather than to an error that the party passively fails to notice or attempt to correct. *See, e.g.*, *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 470-471, 692

N.E.2d 198 (1998); *State v. Hare*, 2018-Ohio-765, 108 N.E.3d 172, ¶ 40-45 (2d Dist.); *UZ Engineered Products Co. v. Midwest Motor Supply Co., Inc.*, 147 Ohio App.3d 382, 2001-Ohio-8779, 770 N.E.2d 1068, ¶ 30-32 (10th Dist.).   In this case, the aptly designated State's Exhibits 4-6 were admitted on the State's initiative, not at Fuchs's request, and the State accordingly is the party primarily responsible for the entry of the exhibits into evidence.[3]   Fuchs did not invite or induce the court to admit the exhibits simply by stipulating to their authenticity.

**{¶ 22}** State's Exhibit 4 included unfairly prejudicial evidence of other acts, and we find that Fuchs's trial counsel rendered ineffective representation by failing to object to the admission of the exhibit without redactions.   We find further that the jury's receipt of the exhibit gives rise to a reasonable possibility that the outcome of Fuchs's trial would have been different had the exhibit not been introduced into evidence, or had it been entered into evidence only in a redacted form.   Fuchs's first assignment of error is sustained.

**{¶ 23}** For his second assignment of error, Fuchs contends that:

THE TRIAL COURT COMMITTED PLAIN ERROR BY ADMITTING THE STIPULATED PROTECTION ORDER WITHOUT MODIFICATION AND WITHOUT PROVIDING A LIMITING INSTRUCTION TO THE JURY, IN VIOLATION OF RULE 404(B) OF THE OHIO RULES OF EVIDENCE.

**{¶ 24}** On review of Fuchs's first assignment of error, we have found that Fuchs's trial counsel was ineffective for failing to object to the admission of State's Exhibit 4

---

[3] State's Exhibits 4-6 were the exhibits identified in the parties' Joint Exhibit 1.

without redaction. We decline to consider Fuchs's second assignment of error because our resolution of his first assignment is dispositive of this appeal.

### III. Conclusion

**{¶ 25}** Fuchs has demonstrated a reasonable probability that the outcome of his trial would have been different had the jury not been presented with the unfairly prejudicial evidence included in State's Exhibit 4, and we find as a result that his trial counsel was ineffective with respect to the admission of the exhibit. Therefore, Fuchs's conviction is reversed, and this case is remanded to the trial court for further proceedings.

. . . . . . . . . . . .

FROELICH, J., concurs.

WELBAUM, P.J., dissents:

**{¶ 26}** I respectfully dissent from the majority's holding in this case and would affirm the judgment of the trial court. I do not agree that the failure of Fuchs's trial counsel to object to the admission of State's Exhibit 4 qualifies as deficient performance supporting an ineffective assistance of counsel claim. Although State's Exhibit 4 contained information that may have been harmful to Fuchs's case, there was, nevertheless, information in the exhibit that also benefitted Fuchs's case. Specifically, footnote one of the exhibit depicted Shana Belcher (the only eyewitness who testified that Fuchs drove by her residence) as untruthful due to her having previously lied about Fuchs in court. Footnote one specifically provided that:

> Petitioner's wife, Shana, had previously filed a petition against Weston
> Fuchs, alleging that he had physically assaulted her. When they came in

for the full hearing just days before the instant petition was filed, she recanted and said everything she testified to was a lie. She claimed at the time her husband made her file it in order to see her children. A discussion was had with Shana outside the presence of the Petitioner to determine whether she needed domestic violence services. She claimed that she was where she wanted to be and would like to be included on the order.

State's Exhibit 4/Joint Exhibit I. Based on this information, it is plausible that Fuchs's trial counsel stipulated to the admission of State's Exhibit 4 as a matter of trial strategy. This would also explain why Fuchs's trial counsel did not ask for a limiting instruction.

{¶ 27} Our "scrutiny of counsel's performance must be highly deferential" so, as a reviewing court, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Strickland*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674, citing *Michel*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83. "Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." *State v. Williams*, 2d Dist. Montgomery No. 27919, 2019-Ohio-4105, ¶ 41, citing *State v. Cook*, 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70 (1992); *Strickland* at 687-689.

{¶ 28} I believe the majority's assessment of trial counsel's failure to object to State's Exhibit 4 is not sufficiently deferential to a plausible trial strategy. In my view, hindsight may have distorted the majority's assessment of what was reasonable, thus causing the majority to miscalculate the viability of a clearly debatable decision regarding trial strategy, which cannot form the basis of an ineffective assistance claim.

{¶ 29} Whether to object to a mixed-bag exhibit like State's Exhibit 4 is akin to the decision whether to call a witness who will be expected to present both favorable and unfavorable evidence. Such decisions have been consistently held to be within the realm of trial strategy. *See, e.g., State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, ¶ 122-127 (failure to call defense witnesses who would have elicited some unfavorable evidence was within the realm of trial strategy and not a sufficient basis for an ineffective assistance claim); *State v. Reynolds*, 148 Ohio App.3d 578, 2002-Ohio-3811, 774 N.E.2d 347, ¶ 74 (2d Dist.), citing *State v. Griffitts*, 2d Dist. Montgomery No. 18755, 2002 WL 252786, *7 (Feb. 22, 2002) ("[a] failure to call a witness is not ineffective assistance of counsel if calling that witness opens the door to unfavorable testimony that counsel might reasonably conclude would likely outweigh the value of any favorable testimony the witness might offer"). *Accord State v. Matthews*, 10th Dist. Franklin No. 03AP-140, 2003-Ohio-6307, ¶ 31. Therefore, if trial counsel might reasonably decide to call or not call a witness, reviewing courts should defer to trial counsel's tactics.

{¶ 30} Unlike the majority, I believe that it was reasonable for Fuchs's trial counsel to permit the admission of State's Exhibit 4 because the exhibit contained explicit evidence indicating that the only eyewitness who could identify Fuchs was a liar who had a motive to lie. Had there been no compelling evidence favoring Fuchs in the exhibit, I would agree with the majority's holding. However, that is not the case. Instead, the contents of footnote one in State's Exhibit 4 provided information that could have reasonably led to an acquittal. The fact that it did not is irrelevant.

{¶ 31} Although it is arguable that Fuchs's trial counsel could have requested to have State's Exhibit 4 redacted to remove the prejudicial information contained therein,

such a request may have proved futile. Fuchs's trial counsel could have reasonably believed that any such request would have drawn the State's attention to footnote one and may have caused the State not to offer State's Exhibit 4 into evidence. Any such belief would have been reasonable given that State's Exhibit 4 was unnecessary for the State to prove its case due to the parties stipulating to the validity of the protection order and to Fuchs's previous conviction for violating the protection order. However, without State's Exhibit 4, the jury would not have been able to view footnote one, which was highly favorable to Fuchs's case. Therefore, under these facts and circumstances, it can be argued that the failure of Fuchs's trial counsel to request the redaction of State's Exhibit 4 was a reasonable trial strategy in that counsel did not want to draw the State's attention to footnote one in order to ensure that the jury viewed the footnote during its deliberations.

{¶ 32} For the foregoing reasons, and in light of the strong presumption that the conduct of Fuchs's trial counsel was reasonable, it is my view that the failure of Fuchs's trial counsel to object to the admission of State's Exhibit 4 or to have the exhibit redacted was not deficient, but a debatable trial strategy that cannot form the basis of an ineffective assistance claim. I also believe that Fuchs waived all but plain error when his trial counsel stipulated to the admission of State's Exhibit 4. In light of the foregoing discussion, I do not believe there is plain error present. Accordingly, I respectfully dissent from the majority's judgment and would affirm the judgment of the trial court.

Copies sent to:

Mathias H. Heck, Jr.
Heather N. Jans
Gary C. Schaengold

Hon. Timothy N. O'Connell